IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 24, 2002 Session

# JOHN DOE v. COMMISSIONER GEORGE W. HATTAWAY OF THE DEPARTMENT OF CHILDREN'S SERVICES OF THE STATE OF TENNESSEE

Appeal from the Chancery Court for Claiborne County
No. 12,293     Billy Joe White, Chancellor

**FILED JUNE 28, 2002**

**No. E-2001-02732-COA-R3-CV**

John Doe filed a petition in the trial court challenging a final order of the Tennessee Department of Children Services ("DCS") validating a report of minor physical abuse of a student by Mr. Doe, the student's teacher. The trial court reviewed the record of the administrative law judge ("the ALJ"). Upon doing so, the court concluded that it "totally disagree[d] with all" of the ALJ's findings; it reversed DCS's final order. DCS appeals. We find and hold that the trial court lacked subject matter jurisdiction to review DCS's final order. Accordingly, we vacate the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Vacated; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

Paul G. Summers, Attorney General and Reporter, and Douglas Earl Dimond, Assistant Attorney General, Nashville, for the appellant, Commissioner George W. Hattaway of the Department of Children's Services of the State of Tennessee.

Alan Everett, Knoxville, for the appellee, John Doe.

**OPINION**

I.

J.P. is an emotionally-handicapped child who was classified as a special education student. He was enrolled at the Tazewell-New Tazewell Primary School. The petitioner John Doe was his teacher. In a letter dated April 4, 1997, Mr. Doe's aide, S.H., made certain accusations about Mr. Doe's conduct including a charge that he had physically abused J.P.

S.H.'s letter came to the attention of DCS on or about April 9, 1997. DCS determined that there was evidence of abuse. The agency advised Mr. Doe that he was entitled to a hearing. After he requested further review, a hearing before the ALJ was held on July 22 and 23, 1998. Following the hearing, the ALJ found that Mr. Doe had committed minor physical abuse on J.P. The ALJ filed her "Initial Order" on August 26, 1998.

Mr. Doe filed a petition for reconsideration that was received by DCS on September 9, 1998. That petition was filed on the same day as, but subsequent to, the entry of DCS's final order adopting the decision of the ALJ. The petition for reconsideration was considered as one for reconsideration of the final order, and was denied by DCS by letter to Mr. Doe signed by the Deputy Commissioner of DCS and dated September 22, 1998.

The final order filed on September 9, 1998, closes with the following paragraph:

> If either party is dissatisfied with this decision, a Petition for Reconsideration of the Final Order may be filed within ten (10) days from the date of the Order. Further, the Appellant may petition for review in Chancery Court of his/her county of residence or in Davidson County within sixty (60) days of the date of this Order.

On November 9, 1998, Mr. Doe filed his petition in the trial court.

## II.

DCS raises three issues in its brief. We find the first of these issues to be dispositive. That issue, as stated by DCS, is as follows:

> Whether the Claiborne County Chancery Court lacked jurisdiction to review DCS's decision because the administrative procedures act confers exclusive jurisdiction to review administrative law decisions upon the Davidson County Chancery Court.

## III.

This case involves a report to DCS of physical abuse of a child. T.C.A. § 37-1-409(e)(1) and (2) provides as follows:

> (e) The department shall adopt such rules as may be necessary to carry out the following purposes:
>
> (1) The establishment of administrative and due process procedures for the disclosure of the contents of its files and the results of its

investigations for the purpose of protecting children from child sexual abuse, physical abuse, emotional abuse, or neglect; and

(2) For other purposes directly connected with the administration of this chapter, including, but not limited to, cooperation with schools, child care agencies, residential and institutional child care providers, child protection agencies, individuals providing care or protection for the child, medical and mental health personnel providing care for the child and the child's family and the perpetrator of any form of child abuse or neglect, law enforcement agencies, the judicial and correctional systems, and for cooperation with scientific and governmental research on child abuse and neglect.

Pursuant to this statutory authority, rules were promulgated and adopted. *See* Tenn. Comp. R. & Regs. ch. 0250-7-9 entitled "Due Process Procedures for Release of Child Abuse Records."[1] Included among those rules is Tenn. Comp. R. & Regs. ch. 0250-7-9-.05(1), which provides, in pertinent part, as follows:

Except as otherwise provided in this chapter any individual who is identified or is proposed to be identified as set forth in 0250-7-9-.01 as a perpetrator of child abuse in a "validated" report investigated by the Department and who has requested and/or received a "file review" pursuant to 0250-7-9-.04 or 0250-7-9-.09 which review has resulted in the classification of "validated" report being upheld by the

---

[1]The scope of these rules is found at Tenn. Comp. R. & Regs. 0250-7-9-.01:

The rules in this chapter apply to individuals whom the Department of Children's Services identifies or proposes to identify as a perpetrator of physical, severe, or sexual abuse, as defined in Parts 1, 4, or 6 of Chapter I of Title 37 of the Tennessee Code Annotated. These rules shall further apply only when such identification is released or proposed to be released to: (1) the individual's employer whether the individual is a paid employee or under contract; (2) the licensing authority of the employer or the individual; or (3) any other organization with which the individual is associated as a paid employee or contractor, or volunteer; whether such individual is providing instruction, care, supervision, or treatment (a) in a child welfare agency as defined in T.C.A. § 71-3-501 *et seq.*; (b) in a public or private school for children; (c) in a residential or institutional child caring organization; (d) through self employment; or (e) in any other organization. Such release shall be for the purposes of protecting children from further abuse and for the purposes directly connected with the administration of T.C.A. §§ 37-1-101 *et seq.*; 37-1-401, *et seq.*; 37-1-601 *et seq*; 71-3-530.

These rules were first effective October 28, 1988, when child abuse matters were under the jurisdiction of the Department of Human Services. They were renumbered effective March 25, 1999, as the rules of DCS, Social Services Division.

Department, has the right to request and receive an administrative hearing before a hearing officer of the Administrative Procedures Division of the Department.

Tenn. Com. R. & Regs. 0250-7-9-.07 is entitled "Conduct of the Hearing." As particularly pertinent to this case, that rule, at subsection (1), provides as follows:

The hearing provided for in 0250-7-9-.05 will be conducted in accordance with the provisions of the "Uniform Administrative Procedures Act" and the rules of the Administrative Procedures Division of the Department of Children's Services.

## IV.

It is clear beyond any doubt that the hearing before the ALJ was conducted under and pursuant to the Uniform Administrative Procedures Act ("the UAPA"), T.C.A. § 4-5-101, et seq. This is not challenged in the current appeal.

Judicial review under the UAPA is addressed in T.C.A. § 4-5-322. Subsection (b)(1) of that code provision provides as follows:

Proceedings for review are instituted by filing a petition for review in the chancery court of Davidson County, unless another court is specified by statute.

A number of exceptions to the general language of T.C.A. § 4-5-322(b)(1) are embedded in that provision. One such exception applies to decisions of the department of human services. ("A person who is aggrieved by a final decision of the department of human services in a contested case may file a petition for review in the chancery court located either in the county of the official residence of the commissioner or in the county in which any one (1) or more of the petitioners reside.") DCS, however, is not excepted out of the inclusive language of T.C.A. § 4-5-322(b)(1), either in that statute or in any other code provision.

## V.

We find and hold that judicial review of the final order of DCS in the instant case has to be pursued in the Chancery Court for Davidson County. That court, and that court alone, has subject matter jurisdiction to review of the decision of DCS in this case. As the Supreme Court has stated, "[s]ubject matter jurisdiction concerns the authority of a particular court to hear a particular controversy." *Meighan v. U.S. Sprint Communications*, 924 S.W.2d 632, 639 (Tenn. 1996). T.C.A. § 4-5-322(b)(1) grants *exclusive* subject matter jurisdiction to review decisions of DCS rendered pursuant to the UAPA to the Davidson County Chancery Court. *Cf. Southwest Williamson Co. v. Saltsman*, 66 S.W.3d 872, 881-82 (holding a statute that has been interpreted to provide that

the commissioner of a department of state government can only be sued in the county of the commissioner's principal office precludes a suit against the Commissioner of Transportation in Williamson County).

Contrary to Mr. Doe's position, this is not an issue of venue. The issue before us is one of power. That power is lacking in this case because the Chancery Court for Claiborne County does not have the "authority...to hear [this] particular controversy." *Meighan*, 924 S.W.2d at 639.

## VI.

It is regrettable that the final order in this case advised Mr. Doe that one of his options was to file his petition for judicial review in the county of his residence. However, this erroneous statement by DCS does not change the fact that subject matter jurisdiction cannot be waived. *Id*. ("Subject matter jurisdiction...cannot be waived, because it is the basis for the court's authority to act.")

## VII.

We note, in passing, that DCS asserted at oral argument that a decision adverse to Mr. Doe on the issue of subject matter jurisdiction would not affect his right to pursue judicial review of DCS's decision in the Davidson County Chancery Court.

## VIII.

The judgment of the trial court is vacated. Exercising our discretion, we tax the costs on appeal to DCS.

_____
CHARLES D. SUSANO, JR., JUDGE